```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| IRAN COLON, )<br>        Plaintiff, )<br>)<br>     v.                     )<br>)<br>ANDREW SAUL, Commissioner of )<br>the Social Security )<br>Administration )<br>)<br>        Defendant. )<br>) | CIVIL ACTION<br>NO. 19-11553-WGY |

YOUNG, D.J.                                                      July 8, 2020

**ORDER OF CLARIFICATION**

This order comes in response to the request by the Commissioner of Social Security ("the Commissioner") for clarification regarding this Court's Memorandum and Order, ECF No. 26, and Order of Remand, ECF No. 27.  See Commissioner's Mot. Clarification, ECF No. 28; Commissioner's Mem. Supp. Mot. Clarification ("Clarification Mem."), ECF 29.  The Commissioner requests clarification as to whether the hearing officer on remand should use Colon's Residual Functional Capacity ("RFC") as of the August 2016 decision, or whether the hearing officer should consider evidence that post-dates that decision in determining whether Colon's condition has changed. Clarification Mem. 1-2.

[1]

This Court recognizes that its initial decision did not distinguish between Colon's applications before and after August 2016.  When issuing her remand order, Judge Burroughs had jurisdiction only over the appeal from the hearing officer's August 31, 2016 decision.  See Complaint, Colon v. Berryhill, Civ. A. No. 17-cv-12053 (D. Mass.), ECF No. 1; Pl.'s Mot. Reverse, id., ECF No. 20; Def.'s Mem. Supp. Mot. Remand, id., ECF No. 24; Order, id., ECF No. 25; see also Administrative Record ("R.") 865, 876, 879.  The requirement that the original RFC determination be used therefore controls Colon's case only through August 2016.

While appealing the August 2016 decision, Colon filed a separate Application for Supplemental Security Income dated November 14, 2017.  R. 995-1003.  The Appeals Council consolidated the two cases, labeling them as "duplicative," but they were not entirely duplicative because the original request for benefits was controlled by Judge Burroughs's remand order, while the November, 2017 request was not.  R. 914.  This second time period therefore may require a different RFC determination.

In analyzing the RFC for the second time period on remand, the Commissioner must still take into account the original RFC through August 2016, as Judge Burroughs' order did not overturn it, and "a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout

the litigation, unless and until the decision is modified or overruled by a higher court." Negron-Almeda v. Santiago, 579 F.3d 45, 50-51 (1st Cir. 2009) (internal quotations omitted). Any changes to the pre-2016 RFC determination must be supported by evidence that is "substantially different" than was available prior to that decision. See United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1991); Day v. Astrue, No. 12-cv-141, 2012 U.S. Dist. LEXIS 184848, at *19-21 (D. Me. Dec. 30, 2012) (applying Rivera-Martinez in the social security context, and noting that a decision may be changed after remand only if the remand order left the issue open for reconsideration). This RFC determination for the second time period may take into account more-recent medical evidence, see R. 1175-4355.

All Colon's other substantive challenges to the hearing officer's decision are moot as he does not claim the 2016 RFC determination was itself erroneous. See Pl.'s Mem. 8.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE